UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Walter Acuna Cruz, | Civ. No. 25-1915 (PAM/LIB) |
| Petitioner, | |
| v. | **ORDER** |
| Peter B. Berg, Kristi Noem, Pamela Bondi, Matthew Akerson, and Todd Lyons, | |
| Respondents. | |

This matter is before the Court on Petitioner Walter Acuna Cruz's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet. (Docket No. 1).) For the following reasons, the Petition is denied.

## BACKGROUND

Petitioner is a citizen of Guatemala. (Id. ¶ 8.) In approximately 2019, at sixteen years old, he entered the United States illegally and has resided here since. (Id. ¶ 14.) On June 11, 2023, police arrested Petitioner in Sioux Falls, South Dakota, and he was charged with driving under the influence and failure to furnish information in an accident with property damage, as well as other offenses. (Decl. of Deportation Ofc. William J. Robinson (Docket No. 10) ¶ 5; Decl. of Liles Repp (Docket No. 11) Ex. A at 6–7.) Petitioner pleaded guilty to driving under the influence on October 18, 2023, and was sentenced to 180 days in jail, but the district court suspended his sentence and imposed numerous conditions. (Id.) On April 10, 2024, the South Dakota Highway Patrol arrested Petitioner, and he was charged with seven criminal offenses, including driving under the influence, reckless

driving, and speeding. (Robinson Decl. ¶ 6; Repp. Decl. Ex. A at 2–3.) As alleged in the complaint, Petitioner was driving at a speed of 100 miles per hour in a 65 miles-per-hour zone and his blood alcohol level was .121%. (Repp Decl. Ex. A at 5.) These charges remain pending. (Robinson Decl. ¶ 6.)

On June 24, 2024, Immigration and Customs Enforcement agents arrested Petitioner and issued a Notice to Appear, charging him with being an alien present in the United States without being admitted or paroled, or who arrived at a time or place other than as designated by the Attorney General, initiating Petitioner's removal proceedings. (Id. ¶¶ 7–8.) The Department of Homeland Security ("DHS") determined that Petitioner was ineligible for bond. (Id. ¶ 9.) The next day, June 25, 2024, Petitioner filed a motion seeking bond redetermination, and the immigration court held a bond hearing on July 11. (Id. ¶ 10.) Because Petitioner was seeking counsel, the immigration judge ("IJ") considered Petitioner's bond request withdrawn. (Repp. Decl. Ex. F at 4.)

On October 7, 2024, Petitioner moved to terminate removal proceedings. (Robinson Decl. ¶ 11.) The IJ denied that motion on October 9, 2024, and Petitioner filed his second motion to terminate proceedings that same day. (Id. ¶¶ 12, 13.) On October 15 and 19, 2024, respectively, Petitioner moved to withdraw and amend his pleadings and to renew his bond determination. (Robinson Decl. ¶¶ 14, 19; Repp Decl. Ex. F at 5, 19.) The IJ held a hearing on the motions and denied both on October 31, 2024. (Robinson Decl. ¶ 17; Repp Decl. Ex. F. at 4–9.) The Board of Immigration Appeals ("BIA") affirmed the IJ's bond denial decision. (Repp Decl. Ex. F. at 1–2.) On December 10, 2024, Petitioner filed

his third motion to terminate proceedings, and the IJ likewise denied that motion on January 8, 2025. (Robinson Decl. ¶ 20.)

Throughout this time period, Petitioner sought various relief through United States Citizenship and Immigration Services, including a Form I-589 application for an unaccompanied minor, an I-360 Special Immigrant Juvenile Status petition, and a T Visa petition. On February 11, 2025, USCIS approved Petitioner's Form I-360, Petition for Special Immigrant, and granted him a deferred action. (Pet. ¶ 16.) Petitioner then filed his fourth motion to terminate proceedings on February 19, 2025, and included a copy of an approval notice for his Form I-360. (Robinson Decl. ¶ 22.) The parties briefed the motion, and two days later, on February 21, 2025, the IJ issued a decision terminating removal proceedings without prejudice, citing the court's discretionary authority to manage its docket under 8 C.F.R. § 1003(d)(ii). (Robinson Decl. ¶ 23; Pet. Ex. 1.)

On March 3, 2025, Petitioner filed another motion for bond redetermination, which the IJ denied without a hearing, concluding that Petitioner's motion "d[id] not establish, at a minimum, a colorable claim of material change in circumstances relevant to the Court's December 9, 2024 ruling." (Robinson Decl. ¶ 24; Repp. Decl. Ex. G.) On March 4, 2025, DHS filed a notice of appeal of the IJ's decision to terminate proceedings to the BIA. (Robinson Decl. ¶ 23.) That appeal is pending, and Petitioner remains in DHS custody in the Kandiyohi County Jail in Willmar, Minnesota, as the IJ denied Petitioner's most recent motion for bond redetermination on March 5, 2025. (Id. ¶¶ 24, 26.) This Petition followed.

3

Petitioner raises four claims. First, he asserts that his detention violates the Immigration and Nationality Act. (Pet. at 7–10.)[1] Second, he claims that his detention violates his Fifth Amendment right to due process. (Id. at 10–12.) Third, he contends that his detention and various DHS actions run afoul of the Administrative Procedure Act. (Id. at 12–13.) Fourth, he claims that due process requires that he receive a bond hearing or be immediately released. (Id. at 14.)

**DISCUSSION**

"A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release." Abdulkadir A. v. Sessions, Civ. No. 18-2353, 2018 WL 7048363, at *2 (D. Minn. Nov. 13, 2018) (Bowbeer, J.) (citing Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)), report and recommendation adopted, 2019 WL 201761 (D. Minn. Jan. 15, 2019) (Brasel, J.). Petitioner's first three claims assert that his continued detention violates the Fifth Amendment's due process clause, the Immigration and Nationality Act, and the Administrative Procedure Act. Respondents contend that these claims are jurisdictionally barred under 8 U.S.C. § 1252(b)(9) and (g). The essence of the parties' disagreement is that Petitioner asserts that his removal proceedings are over, while the Government contends that they are ongoing.

The REAL ID Act, codified in 8 U.S.C. § 1252, prescribes the process of judicial review for orders of removal. In passing the Act, "Congress attempt[ed] to channel legal

---

[1] Following paragraph 25, the Petition's paragraph numbers are inaccurate. Thus, any reference to the Petition after paragraph 25 will cite the page, not paragraph, number.

challenges to orders of removal to a single forum. The Real ID Act explicitly limits habeas jurisdiction of the district courts in immigration cases." Albores Flores v. Hartnett, Civ. No. 10-2159, 2010 WL 3283491, at *2 (D. Minn. Aug. 18, 2010) (Montgomery, J.). Indeed, the REAL ID Act further dictates that

> [j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, . . . to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). Petitioner contends that this section does not bear on his case, because there is no order for his removal. The Government counters that because removal proceedings are still ongoing, this section jurisdictionally bars Petitioner's claims.

Congress specified that "a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion." Tostado v. Carlson, 481 F.3d 1012, 1014 (8th Cir. 2007); 8 U.S.C. § 1252(a)(5). "As its text makes clear, [§ 1252(b)(9)] was designed to consolidate and channel review of all legal and factual questions, including constitutional and statutory challenges, that arise from the removal of aliens into the administrative process, with judicial review of those decisions vested exclusively in the courts of appeals." Albores Flores, 2010 WL 3283491, at *3 (citations omitted). Indeed, § 1252(b)(9) precludes Petitioner's claims.

Section 1252(g) creates another jurisdictional bar to Petitioner's first three claims. Save for certain exceptions, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to

5

commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

The Government contends that its decision to continue to adjudicate Petitioner's removal proceedings is analogous to cases in which courts in this District have rejected challenges seeking to review removal orders. See, e.g., Mohamed v. Sessions, Civ. No. 17-5331, Docket No. 19 at 3–5 (D. Minn. Dec. 5, 2017) (Doty, J.); Gopar v. Dep't of Homeland Sec. Off. of Inspector Gen., Civ. No. 17-356, 2017 WL 2222409, at *2 (D. Minn. Apr. 19, 2017) (Leung, M.J.), report and recommendation adopted, 2017 WL 2222913 (D. Minn. May 19, 2017) (Schiltz, C.J.). The Court agrees. Although the Eighth Circuit Court of Appeals determined that Jama v. Immigr. and Naturalization Servs., 329 F.3d 630 (8th Cir. 2003), allowed for habeas claims raising questions of law to proceed despite § 1252(g)'s jurisdictional bar, no such question of law exists here. Silva v. United States, 866 F.3d 938, 941 (8th Cir. 2017). Thus, the Court concludes that "[r]etaining jurisdiction would violate the jurisdiction stripping provisions of § 1252." Albores Flores, 2010 WL 3283491, at *4. Because Petitioner's first three claims are not properly before the Court, the Court will not reach the merits of those claims.

Petitioner's sole remaining claim is that the Fifth Amendment's due process clause requires that he receive a bond hearing or be immediately released from custody. (Pet. at 14.) Title 8 U.S.C. § 1226(a) prescribes the due process extended to civil detainees in immigration proceedings. "The rule has been clear for decades: '[d]etention during deportation proceedings [i]s . . . constitutionally valid.'" Banyee v. Garland, 115 F.4th 928, 931 (8th Cir. 2024) (quoting Demore v. Kim, 538 U.S. 510, 523 (2003)). "[T]he

6

government can detain an alien for as long as deportation proceedings are still 'pending.'" Id. at 933 (quoting Demore, 538 U.S. at 527).

Petitioner claims that his proceedings are no longer pending and that "the government's appeal has no clear endpoint and lacks any assurance of eventual adjudication on the merits." (Docket No. 12 at 7.) He overstates the situation. The endpoint will be the BIA's decision, should it affirm the IJ's decision. However, if the BIA reverses the IJ, Petitioner's deportation proceedings would continue. Further, Petitioner asserts that the only factors to be considered for immigration detention are whether the detainee is a flight risk and poses a danger to the community, and that the Government's "conduct undermines any argument that it is acting to protect public safety or prevent flight" because its "appeal offers no evidence of risk or dangerousness." (Pet. ¶¶ 23–24.) But the IJ's bond decision is distinct from the Government's appeal to the BIA, and the burden of proof for a bond hearing does not bear on the pending appeal.

In any event, in Petitioner's bond redetermination in December 2024, which was affirmed by the BIA, the IJ noted Petitioner's repeated history of drinking and driving and the "danger he has posed to his community." (Repp Decl. Ex. F at 4.) Moreover, the IJ denied Petitioner's most recent motion for a bond redetermination in March 2025 because "he did not meet his burden to establish that he does not pose a danger to persons or property" and "d[id] not establish, at a minimum, a colorable claim of material change in the circumstances" to the IJ's previous determination. (Id. Ex. G at 1.) Notably, the IJ's latest bond decision followed her decision to terminate proceedings. The IJ added that Petitioner "provided no evidence" to support his motion for bond redetermination. (Id.)

7

At this stage of the proceedings, Petitioner has received the due process the Constitution requires.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** the Petition (Docket No. 1) is **DENIED**, and this action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 26, 2025

s/ *Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge